UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS, ET AL

VERSUS

CHARLES JOHNSON, ET AL

CIVIL ACTION

NUMBER 14-755-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 16, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS, ET AL

VERSUS

CHARLES JOHNSON, ET AL

CIVIL ACTION

NUMBER 14-755-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court are the Plaintiff[']s Opposition to Removal Motion to Remand W/ Exhibits and the Motion to Remand filed by plaintiff Kelvin Wells. Record document numbers 6 and 10, respectively. Both motions are opposed.[1]

For the reasons which follow, both motions should be denied.

**Background**

Plaintiff filed a Petition for Damages in state court against Charles Johnson, allegedly employed at the Math, Science, Arts Academy, the Iberville Parish School Board, Ms. Blanchard, alleged to be employed by the board as the Human Resources Supervisor, and Ms. Carville and Ms. Blanchard, allegedly employed at the Math, Science, Arts Academy. Plaintiff's petition begins as follows:

> Defendants made herein committed violations of Title VII of the Civil Rights Act of 1964 which prohibits discrimination based on race, color or national origin Title IX of the Educational Amendments, 1972, bais of sex, Section 504 of Rehabilitation Act, 1973, based on disability and Title II of the same[,] Boy Scouts of America Equal Access, No Child Left Behind Act of 2001,

---

[1] Record document numbers 7 and 11, respectively.

and retaliation to protected activity. (Sic)

Defendants Iberville Parish School Board and Brandie Blanchard removed the case basing subject matter jurisdiction on 28 U.S.C. § 1331, federal question. Plaintiff move to remand. Plaintiff's arguments seem to be based on his failure to properly serve the defendants or that they are not federal employees or that he was previously denied the right to remove a case. Plaintiff's arguments make no sense and his motions are frivolous.

## Applicable Law

The party invoking removal jurisdiction bears the burden of establishing federal jurisdiction over the state court suit. *Frank v. Bear Stearns & Company,* 128 F.3d 919, 921-22 (5th Cir. 1997). To support removal the defendant must locate the basis of federal jurisdiction in the allegations necessary to support the plaintiff's claims, ignoring the defendant's own pleadings and notice of removal. *Gully v. First National Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

Absent jurisdiction under the diversity statute, removal is appropriate only for those claims within the district court's federal question jurisdiction. 28 U.S.C. § 1331. It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the Constitution which defines the limits of the judicial power of

the United States.  Under the well-pleaded complaint rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.  Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and the fact that federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

To support removal, the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiffs' claims, ignoring the defendant's own pleadings and notice of removal.  A defendant must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).  Under *Gully* and *Franchise Tax Board*, a complaint creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).

**Analysis**

Plaintiff clearly alleged that the defendants violated one or more federal statutes. Even thought the state court is competent to adjudicate the plaintiff's claims, the defendants clearly have the right to remove the case to this court under 28 U.S.C. § 1441(a). Plaintiff's argument about deficient service of process provides no basis for his motions. Likewise, his argument based on an earlier denial of his attempt to remove a case he filed in state court provides no support for his motions.[2]

**Conclusion**

Defendants have the burden of establishing subject matter jurisdiction. Plaintiff's Petition for Damages clearly alleges claims under federal law. Thus, the defendants established that the court has federal question jurisdiction under 28 U.S.C. § 1331.

---

[2] See *Kelvin Wells v. David DiVincenti*, CV 12-731-SDD-RLB (record document number 26, Magistrate Judge's Report and Recommendation; record document number 28, Ruling adopting report and recommendation). Plaintiff's complaint was treated as a notice of removal, to which the defendants filed a motion to remand. Defendants' motion was granted and the plaintiff appealed. Plaintiff's appeal was dismissed as frivolous. Record document number 34, Judgment of the Fifth Circuit Court of Appeals dismissing the plaintiff's appeal as frivolous. The appellate court warned the plaintiff that any future frivolous pleadings filed by him in that court or any court subject to the appellate court's jurisdiction would subject him to sanctions. For the reasons explained in this Magistrate Judge's Report, both of the plaintiff's motion to remand are frivolous.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff[']s Opposition to Removal Motion to Remand W/ Exhibits and his Motion to Remand be denied.

Baton Rouge, Louisiana, February 16, 2015.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE