# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS IN THE INTEREST
OF BETHANY WELLS, TREASURE
WELLS, PATRICK WELLS

VERSUS

CHARLES JOHNSON, MATH-SCIENCE
ACADEMY, IBERVILLE PARISH SCHOOL
BOARD, MS. BLANCHARD, SCHOOL BOARD,
MS. CARVILLE, MSA, MS. BLANCHARD, MSA

CIVIL ACTION NO.

14-755-SDD-SCR

## RULING

Before the Court is a *Motion to Dismiss and/or For Summary Judgment*[1] filed by Defendants, Iberville Parish School Board, Charles Johnson, Ms. Brandie Blanchard, Ms. Carville, and Ms. Blanchard. In response, *pro se* Plaintiff Kelvin Wells, on behalf of Bethany Wells, Treasure Wells, and Patrick Wells, has filed a one page *Opposition*[2]. Defendants subsequently filed a *Reply*[3]. For the following reasons, Defendants' *Motion* shall be granted.

## I. BACKGROUND

On September 30, 2014, Plaintiff, Kelvin Wells, a frequent filer[4] in this Court, brought this state court lawsuit as a *pro se* litigant on behalf of Bethany Wells, Treasure Wells, and Patrick Wells against Defendants, Iberville Parish School Board, Charles

---

[1] Rec. Doc. 8.
[2] Rec. Doc. 17. *Plaintiffs' Objection to Defendants Motion for Summary Judgment.* The Court construes the *Petition* as consisting of claims solely brought on behalf of Kelvin Wells' minor children.
[3] Rec. Doc. 18.
[4] The following are just a few of the cases filed by Kelvin Wells in the Middle District of Louisiana: *Wells v. 19th Judicial Dist., et al*, 03cv243; *Wells v. Williams, et al*, 06cv247; *Price, et al v. Louisiana Dept. of Education, et al*, 08cv462; *Wells, et al v. U.S. Dept. of Education, et al*, 09cv456; *Wells, et al v. U.S. Dept. of Education*, 11cv16; *Wells, et al v. Magnolia Woods Elementary School, et al*, 11cv603.
DM No. 25962

Johnson, Ms. Brandie Blanchard, Ms. Carville, and Ms. Blanchard.[5] Wells has asserted claims against Defendants under Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, Section 504 of the Rehabilitation Act of 1973 ("RA"), Title II of the Americans with Disabilities Act of 1990 ("ADA"), the Boy Scouts of America Equal Access Act, and the No Child Left Behind Act of 2001.

In Wells' *Petition*[6], he claims that the Plaintiffs were harassed and discriminated against by the Defendants. The allegations further provide that both Bethany Wells and Patrick Wells were injured while at school, the Math and Science Academy ("MSA"), were subsequently denied medical treatment, and that the Defendants concealed their injuries. The *Petition* alleges that two teachers, Ms. Carville and Ms. Blanchard, withheld material and assignments to interfere with Patrick Wells' education. Defendant, Charles Johnson, is accused of forcing Plaintiffs from the MSA, while permitting white students who reside outside of the school district to attend MSA.[7] The Plaintiffs also assert that the Iberville Parish School Board and the Human Resource Supervisor failed to monitor, train, retrain, inspect, and supervise MSA employees which would have prevented the alleged violations from occurring. As a result of these infractions, Plaintiffs seek to recover damages for physical injury, pain and suffering, and emotional damages. On December 5, 2014, Defendants removed the lawsuit to federal court and now seek dismissal of Plaintiffs' claims.[8]

---

[5] Due to the vague identification of the named Defendants in this case, the Defendants submit that it is their assumption that the following individuals were the intended party-defendants in this case: Ms. Brandie Blanchard, Iberville Parish School Board's Supervisor of Personnel and Policy, and Ms. Kelly Carville and Ms. Mary Blanchard, both third grade teachers at Iberville Math, Science, Arts Academy-East, in Iberville Parish. Rec. Doc. 8-1, n. 2. See also, Defendants' *Answer*. Rec. Doc. 5.
[6] Rec. Doc. 1-2.
[7] In their *Memorandum in Support of their Motion to Dismiss and/or for Summary Judgment*, Defendants have indicated that Charles Johnson is the principal of at Iberville Math, Science, and Arts Academy East.
[8] The Court has subject matter jurisdiction based on federal question jurisdiction under 28 U.S.C. §1331.

## II. LAW AND ANALYSIS

### A. *Pro Se* Status and Standing

Wells has alleged that he is the "Natural Tutrix and biological father" of Bethany Wells, Treasure Wells, and Patrick Wells. In his *In Forma Pauperis Affidavit* attached to his state court *Petition*,[9] he attests that Treasure, age 11, Bethany, age 10, and Patrick, age 9, are his children.[10] Federal law guarantees the right for parties to proceed *pro se* in civil actions in federal court.[11] Defendants challenge Wells' capacity to represent his three minor children in this proceeding on Rule 12(b)(1) grounds for lack of standing.

While the Fifth Circuit has not expressly addressed whether a *pro se* parent can represent his child in federal court in a lawsuit brought under Title VI, Title IX, Section 504 of the Rehabilitation Act, or Title II of the ADA, the Boy Scouts of America Equal Access Act, and the No Child Left Behind Act of 2001, the Fifth Circuit "has endorsed the principle that a 'non-attorney parent cannot appear *pro se* on behalf of a minor child.'"[12] In *Harris v. Apfel*, the Fifth Circuit carved out a specific exception to this general principle in the limited context of *pro se* Social Security appeals brought by a non-attorney parent on behalf of a minor child.[13] In reaching its holding, the *Harris* Court distinguished SSI appeals, which essentially involve a limited review of the

---

[9] This matter was removed to Federal Court on December 5, 2014 from the 18th Judicial District Court. Rec. Doc. 1.
[10] Rec. Doc. 1-2, p. 4.
[11] 28 U.S.C. § 1654. ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").
[12] *K.F. ex rel. Ruffin v. Houston Independent School Dist.*, 2006 WL 2434478, at *1 (S.D. Tex. Aug. 22, 2006)(*See Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000)(citing *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576 (11th Cir. 1997); *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997); *OseiAfriyie v. Medical College of PA*, 937 F.2d 876 (3rd Cir. 1991); *Meeker v. Kercher*, 782 F.2d 153 (10th Cir. 1986)). See also, *Chatman v. Mississippi High School Athletics Ass'n.*, 552 Fed.Appx. 335, at 337 (5th Cir. 2014)("But with limited exceptions not applicable here, a pro se, non-lawyer parent or guardian may not represent the interests of her minor child.")(unpublished opinion).
[13] *Harris v. Apfel*, 209 F.3d at 417.

administrative record, from other types of cases that "involve the subjective criteria and range of fact-finding."[14] Such a distinction has been interpreted by at least one district court within the Fifth Circuit as "indicating that a non-attorney's representation of a child was prohibited for other types of claims."[15] Considering this is not a SSI appeal, in combination with the fact that Wells is a non-lawyer, the Court finds that Wells may not represent the interests of his children on a *pro se* basis in the instant matter.[16]

Ordinarily, the Court would dismiss the minor Plaintiffs' claims without prejudice affording them the opportunity, through Kelvin Wells, to retain council on their behalf. However, even if Wells' children were properly represented, their claims would still fail as a matter of law for the following reasons.

### B. Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[17] However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to

---

[14] *Id.*, at 416 (quoting *Maldonado v. Apfel*, 55 F. Supp. 2d 296, 303 (S.D.N.Y. 1999)(citation omitted)).
[15] *K.F. ex rel. Ruffin v. Houston Independent School Dist.*, 2006 WL 2434478, at *1 (S.D. Tex. Aug. 22, 2006)(holding that a parent cannot bring IDEA, § 504, or § 1983 claims on behalf of minor child).
[16] Because Bethany Wells, Treasure Wells, and Patrick Wells are minors, they cannot proceed *pro se*. Rule 17 of the Federal Rules of Civil Procedure states that the "capacity to sue or be sued shall be determined by the law of the state in which the district is held." Under Louisiana law, only "[a] competent major and a competent emancipated minor have the procedural capacity to sue." La. C.C. Proc. Art. 681. There has been no showing that the minor children, Bethany Wells (age 10), Treasure Wells (age 11), or Patrick Wells (age 9), have been emancipated. See, Rec. Doc. 1-2, p. 4.
[17] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999)).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (hereinafter "*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, at 555 (2007) (hereinafter "*Twombly*").
DM No. 25962

find inferences favorable to the plaintiff.'"[19] Rather, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[20] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[21] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] Furthermore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[23] On a motion to dismiss, the court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[24]

### C. *Pro Se* Filing

"A document filed *pro se* is to be liberally construed … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[25] But even a *pro se* complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of conduct."[26] The

---

[19] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (S.D. Tx. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Twombly,* 550 U.S. at 570).
[21] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).
[22] *Id.*
[23] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).
[25] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citations omitted).
[26] *Iqbal*, 556 U.S. at 679.

court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement."[27]

　　1. Title VI Claims

Under Title VI, no person "shall be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" because of the person's race, color, or national origin.[28] Notably, only public and private entities can be held liable under Title VI.[29] In other words, the proper defendant in a Title VI case is an entity receiving federal financial assistance. Therefore, all Title VI claims brought against the individual Defendants, Charles Johnson, Brandie Blanchard, Mary Blanchard, and Kelly Carville, shall be dismissed.

In order to state a viable Title VI claim, the plaintiff must allege facts showing that the defendant intentionally discriminated against him or her on the basis of race, color, or national origin, and that the defendant receives federal financial assistance.[30] On the most fundamental level, Wells' *Petition* is deficient because it fails to allege whether Defendant Iberville Parish School Board receives federal funding, and for failing to identify the race and gender of the individual minor Plaintiffs. Moreover, Wells' *Petition* is devoid of any allegations of specific instances of intentional discrimination. "Intentional discrimination encompasses practices by which the actor intended to treat similarly situated individuals differently solely on the basis of national origin, color, or

---

[27] *Id.* at 678 (internal quotation marks omitted).
[28] 42 U.S.C. § 2000d.
[29] *Muthukumar v. Kiel*, 478 Fed. Appx. 156, 159 (5th Cir. 2012).
[30] 42 U.S.C. § 2000d; see also, *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).
DM No. 25962

race," which has simply not been alleged here.[31] Construing the *Petition* most liberally, the allegations against the Iberville Parish School Board, at best, amount to negligence for failure to train, retrain, inspect, and supervise MSA employees. Thus, even if the claims are taken as true, the allegations in Wells' *Petition* fail to state a claim under Title VI upon which relief may be granted. Accordingly, these claims shall be dismissed.

      2. Title IX Claims

Similarly, Title IX provides that "[n]o person … shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."[32] Title IX applies to "institutions and programs that receive federal funds, 20 U.S.C. § 1681(a) … but [Title IX] has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals."[33] Therefore, the Plaintiffs' claims asserted against the named individuals shall be dismissed.

To state a Title IX claim, the plaintiff must allege that the defendant (1) received federal financial assistance, and (2) excluded him or her from participation in the defendant's education programs because of his or her sex.[34] Again, on the most basic level, Wells' *Petition* fails to allege that the Iberville Parish School Board is a recipient of federal funds, or that the minor Plaintiffs were excluded from the School Board's

---

[31] *DeLeon v. City of Dallas*, 2008 WL 2941245, at *3 (N.D.Tex. July 25, 2008).
[32] 20 U.S.C. § 1681(a).
[33] *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 247 (2009). See also, *Chestang v. Alcorn State Univ.*, 820 F. Supp. 2d 772, 778 (S.D.Miss. 2011)("Title IX permits actions only against 'programs or activities that receive federal financial assistance' and not against individuals.").
[34] The Court further notes that even if Wells had attempted to assert a claim on his own behalf, it would not be viable within the Fifth Circuit. In *Rowinksy v. Bryan I.S.D.*, the Fifth Circuit explained how "nothing in the statutory language provides [a parent] with a personal claim under title IX. Even assuming that title IX protects persons other than students and employees, [plaintiff-parent] has failed [to] assert that she was excluded from participation, denied the benefits of, or subjected to discrimination under any education program or activity." 80 F.3d 1006, 1009 n. 4 (5th Cir. 1996)(negative treatment on other grounds).
DM No. 25962

7

education because of their gender. Instead, the *Petition* contains one conclusory allegation asserting that the Plaintiffs had been discriminated against. As previously discussed, although the Court must liberally construe the allegations within Wells' *pro se Petition*, the Court need not accept "a legal conclusion couched as a factual allegation" or "naked assertions devoid of further factual enhancement." Accordingly, Plaintiffs' Title IX claims shall be dismissed.

### 3. Title II of the ADA and Section 504 of the Rehabilitation Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[35] Similarly, under the RA, "[n]o otherwise qualified individual with a disability … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[36] The ADA and the RA provide for a cause of action against a public entity, and not individuals in their individual capacities.[37] The elements of a *prima facie* claim under the ADA or the RA are generally the same, such that "jurisprudence interpreting either section is applicable to both."[38] Therefore, in order to state a claim under the ADA or the RA, the plaintiff must allege: "(1) that he has a qualifying disability; (2) that he is being denied the

---

[35] 42 U.S.C. § 12132.
[36] 29 U.S.C. §794.
[37] 42 U.S.C. § 12132. *DeLeon v. City of Alvin Police Dept.*, 2009 WL 3762688, at *4 (S.D.Tex. Nov. 9, 2009)("Because neither the ADA nor the Rehabilitation Act provide for liability against governmental officers in their individual capacities, [defendant's] motion to dismiss the plaintiff's claims against her in her individual capacity under the ADA and the Rehabilitation Act should be granted.").
[38] *Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir. 2000), cert. denied, 531 U.S. 959 (2000). *See also, Kemp v. Holder,* 610 F.3d 231, 234 ((5th Cir. 2010)("[t]he RA and the ADA are judged under the same legal standards, and the same remedies are available under both Acts")).
DM No. 25962

benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability."[39]

Initially, Plaintiffs' claims against the Defendants in their individual capacities must be dismissed. As to the remaining claims against the Iberville School Board and the Defendants in their official capacities, the Court finds that they too must be dismissed. The allegations in Wells' *Petition* fail to set forth any facts to satisfy the threshold requirement that any of the Plaintiffs were disabled as defined by the ADA, or that the School Board denied Plaintiffs any benefits or discriminated against them because of any disabilities. Therefore, Plaintiffs' ADA and RA claims shall be dismissed.

### 4. No Child Left Behind Act Claims

Defendants argue in their motion that the No Child Left Behind Act ("NCLBA") does not create a private right of action and is only enforceable by the agency charged with administering it. This is a correct recitation of the law as determined by the United States Supreme Court in *Horne v. Flores*.[40] Therefore, Plaintiffs' NCLBA claims shall be dismissed.

### 5. Boy Scouts of America Equal Access Act

Under the Boy Scouts of America Equal Access Act ("BSAEA"), "no public elementary school, public secondary school, local educational agency, or State educational agency that has a designated open forum or a limited public forum and that receives funds made available through the Department [of Education] shall deny equal

---

[39] *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).
[40] *Horne v. Flores*, 557 U.S. 433, 456 n.6 (2009).
DM No. 25962

access or a fair opportunity to meet to, or discriminate against, any group officially affiliated with the Boy Scouts of America, or any other youth group listed in Title 36 (as a patriotic society)."[41]  The Court finds that Plaintiffs have failed to state a claim under the BSAEA upon which relief can be granted.  Plaintiffs have not asserted any facts to show that they participated in the boy scouts or the girl scouts, or how they were discriminated against for their participation in such groups.  Accordingly, Plaintiffs' claims under the BSAEA shall be dismissed.

## III. CONCLUSION

For the foregoing reasons, the *Motion to Dismiss and/or for Summary Judgment*[42] filed by Defendants, Iberville Parish School Board, Charles Johnson, Brandie Blanchard, Kelly Carville, and Mary Blanchard shall be GRANTED.  Plaintiffs' claims are hereby dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>August 28, 2015</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[41] 20 U.S.C. §7905(b)(1).
[42] Rec. Doc. 8.
DM No. 25962